UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CORINA VALENZUELA,<br><br>    Defendant. | Case No. CR12-54RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant Corina Valenzuela's motion for early termination of supervised release. Dkt. # 45. Having reviewed defendant's memorandum and exhibit, the government's response, the assessment and recommendation of U.S. Probation and Pretrial Services, and the remainder of the record, the Court DENIES defendant's motion.

Under 18 U.S.C. § 3583(e), the Court may, after considering a subset of sentencing factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release after at least one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors the Court should consider include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, to protect the public, and to provide the defendant with training, medical care, or other treatment in the most effective manner; relevant guidelines or policy statements issued by the Sentencing Commission; and the

ORDER DENYING DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED
RELEASE - 1

need to provide restitution. Id. §§ 3553(a), 3583(e). When deciding whether to terminate supervised release, the Court "enjoys discretion to consider a wide range of circumstances." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

In May 2012, defendant pled guilty to one count of possession of methamphetamine with intent to distribute (in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)); one count of possession of hydrocodone with intent to distribute (in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)); and one count of felon in possession of a firearm (in violation of 18 U.S.C. § 922(g)). Dkt. ## 33, 36. On September 14, 2012, defendant was sentenced to forty months in custody, followed by three years of supervised release. Dkt. # 42.

During her time in custody and since her release in June 2014, defendant has successfully taken advantage of the addiction recovery and educational services available to her. She has maintained employment and was recently promoted to a managerial position; her supervisor praises her as an "exceptional employee." See Dkt. # 45. The Court commends defendant's dedication and hard work. However, given recent changes in defendant's housing, the Court declines to terminate defendant's supervised release at this time. Once defendant's circumstances have stabilized, she may renew her motion (by late October 2017 or thereabouts).

For all the foregoing reasons, defendant's motion for early termination of supervised release (Dkt. # 45) is DENIED without prejudice.

DATED this 1st day of August, 2017.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR EARLY TERMINATION OF SUPERVISED
RELEASE - 2